UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROCKY L. RELIFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00562-WTL-MJD |
| | ) | |
| J.R. BELL Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for a Writ of Habeas Corpus**

Petitioner Rocky L. Reliford is a prison inmate in the custody of the Warden at the Federal Correctional Institution in Terre Haute, Indiana (FCI-Terre Haute). In 1986 a Navy Court Martial sentenced him to life imprisonment for murder, conspiracy to murder, and robbery. The offenses occurred in Japan while Mr. Reliford, a Marine at the time, was stationed there. In this action brought pursuant to 28 U.S.C. § 2241, Mr. Reliford challenges the decision of the United States Parole Commission to deny him mandatory parole. Given this Court's very narrow scope of review of Parole Commission decisions, Mr. Reliford's petition must be denied.

**I. Procedural History**

The facts of the underlying crimes, court martial, and appeals are not particularly relevant. The trial and appellate records of the criminal prosecution have not been filed with this Court. Relevant to Mr. Reliford's instant Section 2241 petition are these facts. His criminal convictions were affirmed by the United States Court of Military Appeals. *United States v. Reliford*, 27 M.J. 176 (Ct. Mil. App. 1988) (summary disp.). At some time not relevant to this action, Mr. Reliford's custody was transferred to the Federal Bureau of Prisons (BOP), where parole decisions for parole eligible offenses are decided by the Parole Commission.

In 2001, a Parole Commission hearing examiner conducted an initial parole hearing for Mr. Reliford. Parole was not recommended, and reconsideration hearing was set for fifteen years later in May, 2016. An appeal of this decision was unsuccessful. Thereafter, "Statutory Interim Hearings" (SIH) were held in 2003, 2009, and 2011. The first two ended with no change made in the reconsideration date, but in 2011 the Parole Commission requested that the BOP recalculate Mr. Reliford's "two-thirds date," a date used to make decisions about mandatory parole. Dkt. 6, p. 4, n.4. The date was re-established for October 11, 2015. Two more SIHs were held, in 2012 and 2014, with no change in Mr. Reliford's status.

On November 9, 2015, the Parole Commission held a Mandatory Parole Hearing. It denied Mr. Reliford mandatory parole, finding that he had frequently or seriously violated correctional institution rules (committing eleven infractions including harassing staff and assault) and that there existed a likelihood that Mr. Reliford would commit a federal, state, or local crime if released. The Parole Commission also took note of the circumstances of the crimes and Mr. Reliford's attempts to minimize his responsibility and place blame on a co-defendant. Lastly, the Parole Commission noted that while Mr. Reliford had participated in programs while in military custody, since his transfer to the BOP's custody he had not completed programs to minimize the risk of re-offending after his future release. On May 20, 2016, the National Appeals Board denied Mr. Reliford's appeal.

At the following SIH, held June 6, 2017, an examiner concluded that Mr. Reliford's institutional infractions were not so serious as to demonstrate that he would be a risk to the community if released. She recommended that Mr. Reliford be granted mandatory parole. A Case Operations Administrator reviewed the examiner's recommendation. He added that two areas had changed since Mr. Reliford's last hearing: Mr. Reliford took full responsibility for his crimes and

the institutional rule infractions, and BOP staff gave testimony favorable for parole. This administrator and the examiner signed an order with their recommendation that Mr. Reliford be granted mandatory parole, and the recommendation was forwarded to the Parole Commission.

On July 10, 2017, the Parole Commission issued its decision denying Mr. Reliford mandatory parole and continuing his term to its expiration. Three Commissioners had reviewed the matter and voted 2-1 to deny parole. The National Appeals Board affirmed the Parole Commission's decision on November 6, 2017.

Mr. Reliford seeks habeas corpus asserting three grounds for relief: (1) the Parole Commission's failure to follow its own rules and regulations denied him due process of law; (2) the Parole Commission's denial of mandatory parole after it was recommended by the SIH examiner and approved by the Case Administrator denied him due process of law; and (3) the Parole Commission's decision to deny mandatory parole and continue the sentence to its expiration was arbitrary, irrational, and capricious.

## II. Standard of Review

Congress delegated sole discretionary authority to grant or deny parole to the Parole Commission. Unless there is a procedural or legal error, judicial review of Parole Commission action is limited to determining whether its action was arbitrary or capricious. *Pulver v. Brennan*, 912 F.2d 894, 896 (7th Cir. 1990) (citing *Schiselman v. U.S. Parole Com'n.*, 858 F.2d 1232, 1237 (7th Cir. 1988); *Romano v. Baer*, 805 F.2d 268, 270 (7th Cir. 1986); *see* H.R. Conf. Rep. 838, 94th Cong., 2d Sess. 27, reprinted in 1976 U.S. Code Cong. & Admin. News 335, 351, 359. *See also* 18 U.S.C. §§ 4206(c), 4206(d), 4218(d). Accordingly, if the information relied on by the Parole Commission is sufficient to provide a factual basis for its reasons, this Court must affirm its decision. *Solomon v. Elsea*, 676 F.2d 282, 285, 290 (7th Cir. 1982); ); *see also Kramer v. Jenkins*,

803 F.2d 896, 901 (7th Cir. 1986) ("Our review . . . is confined to the record before the Commission and limited to a search for 'some evidence' in support of the decision.").

### III. Analysis

Mr. Reliford's arguments focus on the mandatory parole provision set out in 18 U.S.C. § 4206(d) and the procedures for its implementation. This statute provides:

> Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier: *Provided, however*, That the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime.

(Original emphasis.)

The Navy Court Martial sentenced Mr. Reliford to life imprisonment. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although Section 4206(d) requires that the BOP release offenders such as Mr. Reliford on mandatory parole after the service of thirty years' imprisonment, the same statute mandates that an offender not be released on mandatory parole if the Parole Commission determines that the offender has seriously *or* frequently violated institutional rules, *or* that there is a reasonable probability that the offender will re-offend. Mr. Reliford is entitled, of course, to due process in the application of Section 4206(d).

**Ground One – Parole Commission's Failure to Follow its Own Rules and Procedures**

Mr. Reliford's first ground for relief appears to be premised on the belief that if two examiners make a determination that mandatory parole is warranted, the Parole Commission has no authority to reverse that decision. This appears to be the rule in cases *not* designated as "original

4

jurisdiction" cases. Under BOP regulations, some cases considered by the Parole Commission may be designated as "original jurisdiction" that then follow different procedures. The procedure for designating a case as "original jurisdiction" is found in federal regulations.

> (a) Following any hearing conducted pursuant to these rules, the Regional Commissioner may designate that a case should be decided as an original jurisdiction case. If the Regional Commissioner makes such a designation, the Regional Commissioner shall vote on the case and then refer the case to the other Commissioners for their votes. The decision in an original jurisdiction case shall be made on the basis of a majority vote of Commissioners holding office at the time of the decision.
>
> (b) A Commissioner may designate a case as an original jurisdiction case if the case involves an offender:
>     (1) Who committed a serious crime against the security of the nation;
>     (2) Whose offense behavior included an unusual degree of sophistication or planning or was part of a large scale criminal conspiracy or continuing criminal enterprise;
>     (3) Who received national or unusual attention because of the nature of the crime, arrest, trial, or prisoner status, or because of the community status of the offender or a victim of the crime;
>     (4) Whose offense behavior caused the death of a law enforcement officer while the officer was in the line of duty; or
>     (5) Who was sentenced to a maximum term of at least 45 years or life imprisonment.
>
> (c)(1) Any case designated for the original jurisdiction of the Commission shall remain an original jurisdiction case unless designation is removed pursuant to this subsection.

28 C.F.R. § 2.17.

Mr. Reliford's case was designated an "original jurisdiction" case following the 2009 SIH. Dkt. 7-2, p. 17 (Parole Commission Notice of Action Feb. 20, 2009). In his instant petition, Mr. Reliford challenges the procedures followed after the SIH examiner's recommendations in 2017, but he does not identify any procedural irregularity in the 2009 designation of his case as "original jurisdiction." The result of the designation is that the 2017 SIH examiner's recommendation, joined by the Case Operations Administrator, did not become an automatic

mandatory parole grant, as it would have if his case had not been designated as "original jurisdiction." But because it was, the recommendation needed a majority vote of the Parole Commission. 28 C.F.R. § 2.17(a).

Because 28 C.F.R. § 2.17(a) requires SIH recommendations to be considered by the Parole Commission in "original jurisdiction" cases, Mr. Reliford's first grounds for habeas corpus relief – that sending the SIH examiner's recommendation to the full Parole Commission denied him due process of law – is without merit. The statute and regulations were precisely followed.

### Ground Two – Denial of Mandatory Parole Denied Mr. Reliford Due Process of Law

Mr. Reliford's second ground for relief appears to be premised on a belief that the SIH examiner's 2017 parole recommendation was a final decision, and that re-opening the decision for reconsideration by the Parole Commission is not allowed by federal regulations. Dkt. 1, pp. 8-9. Essentially this ground for relief is the same argument as Ground One, just rephrased and focused on a particular procedural step. Mr. Reliford's assumption about the procedure is erroneous for the reasons explained in the discussion of Ground One. Therefore, this ground for relief is also without merit.

### Ground Three – Decision was Arbitrary, Irrational, and Capricious

Mr. Reliford correctly notes this Court's standard of review for this claim – is that if there is any evidence in the record to rationally support the Parole Commission's decision, it must be affirmed. *See Pulver*, 912 F.2d at 896. Mr. Reliford argues that the record does not support the denial of parole because it shows the Parole Commission ignored the 2017 hearing entirely.

In making a parole decision, the Parole Commission considers all relevant and available information concerning the prisoner and the offense conduct, including any aggravating or mitigating factors. See 18 USC § 4207; 28 C.F.R. § 2.19(c). The Parole Commission's decision

6

is presumed to have included all information in the record. Dkt. 7-1, p. 41 (National Appeals Board decision Nov. 6, 2017); *see also Nunez-Guardado v. Hadden*, 722 F.2d 618, 621 (10th Cir. 1983) ("Information in the Commission's file is presumed to have been considered by the Commission.").

Mr. Reliford takes issue with the Parole Commission's action declining to follow the SIH examiner's recommendation, but the SIH examiner's recommendation is just that – a recommendation that is not binding on the Parole Commission. There is some evidence in the Parole Commission's record, which includes descriptions of the offenses and Mr. Reliford's institutional conduct, *see* dkt. 7-2, contains ample evidence to show that its decision is not arbitrary or capricious and has a rational basis. The circumstances of the offenses are detailed in the record and provide a rational basis for the decision. Mr. Reliford's history of institutional infractions is another, though they recently were considered not very serious in isolation, they still are several in number (eleven) and are a rational basis for the Parole Commission's decision. Mr. Reliford's third ground for relief is therefore without merit.

### IV. Conclusion

There being no merit to any of the three grounds for relief asserted by Mr. Reliford, his petition for habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**. Final judgment consistent with this Order shall now enter.

**IT IS SO ORDERED**.

Date: 2/1/2019

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

Rocky L. Reliford
13005-045
Terre Haute Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

Electronically Registered Counsel